IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MILAN HAMRLA, et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | Case No. 4:13CV145 |
| | § | |
| CITY OF CARROLLTON, TEXAS | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER OF
UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiffs' Application for Preliminary Injunction (Dkt. 16) and Plaintiffs' Supplemental Application for Temporary Injunction (Dkt. 40). Because the Court determines it does not have jurisdiction of this case, the request for injunctive relief (Dkts. 16 & 40) and the request to file an overlength document (Dkt. 15) are DENIED as MOOT and without prejudice to Plaintiffs' refiling them in state court.

Plaintiffs have sued the City of Carrollton, alleging that various actions or inactions by the City are contributing to damage or have caused damage to their properties. Plaintiffs have alleged (and shown at the July 17, 2013 hearing) that their properties are slipping, sinking, sliding, or eroding, however phrased, into an adjoining creek area that is on City property. Plaintiffs brought a number of state claims and alleged violations of 42 U.S.C. § 1983.

Plaintiffs originally filed in state court, but the case was removed here by Defendant based on federal question jurisdiction. After the case was removed, Plaintiffs filed an amended complaint.

In Plaintiffs' Amended Complaint, Plaintiffs allege the retaining wall behind their homes was built by the developer in accordance with the City's specifications. The creek and land adjacent to the retaining wall is subject to a right of way owned by the City. Plaintiffs' homes and the retaining wall are built on the slope of Dudley Branch Creek. According to the Plaintiffs, the City has enacted an ordinance and "other provisions" that relate to the factors involved in determining the safety of a particular slope. Plaintiffs allege that the slope factor along their properties is less than that adopted by the City. Plaintiffs also allege that water along the creek has contributed to the erosion problem. In 2007, the City declared the retaining wall to be a "dangerous" structure. Plaintiffs contend that the City built the retaining wall after an event that occurred in the 1990's. Following a heavy rainstorm in 2009, one of the Plaintiffs' homes dropped by more than three feet. Thereafter, the City engineer concluded that any problems were due to the retaining wall built on the rear of the Plaintiffs' properties. Plaintiffs allege that, as maintained and repaired by the City, the Barclay Drive drainage system prevents rainwater from leaving the properties adjoining the creek. Plaintiffs contend that the City, knowing of the slope failure and the problems with drainage, has simply done nothing. Plaintiffs allege that the City ignored its own engineer's warnings about allowing future construction.

The Court has questioned whether it had jurisdiction because Plaintiffs admit, and the City agrees, that their procedural due process claims as to Section 1983 are not ripe. Takings claims brought under Section 1983 are not ripe until "(1) the relevant governmental unit has reached a final decision as to what will be done with the property and (2) the plaintiff has sought compensation through whatever adequate procedures the state provides." *Sandy Creek Investors, Ltd. v. City of*

*Jonestown, Tex.*, 325 F.3d 623, 626 (5th Cir. 2003). Because the case was removed by the City, the original takings claim as to inverse condemnation has not been litigated. Both sides argue, however, that the Court has jurisdiction over the substantive due process claim. The Court has a duty to determine whether it has jurisdiction irrespective of whether the parties raise the issue. *See Am. S. Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 617 (E.D. Tex. 2010). "[W]hen a state interferes with property interests, a substantive due process claim *may* survive a takings analysis and, therefore, provide jurisdiction for a federal court." *Simi Inv. Co. v. Harris County, Tex.*, 236 F.3d 240, 249 (5th Cir. 2000) (emphasis in original). Even if the takings clause does not subsume all substantive due process claims, there still must be a final decision from which to appeal. *See John Corp. v. City of Houston*, 214 F.3d 573, 583-84 (5th Cir. 2000) (citing *Williamson County Reg'l Planning Com'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 197-200 (1985)). The Court is satisfied that, if Plaintiffs have stated a substantive due process claim, the City's steadfast refusal to do little or nothing as to the Plaintiffs' plight or claims regarding the incessant erosion constitutes such a final decision.

However, the key question is whether Plaintiffs have successfully stated a claim for a substantive due process violation such that this Court should continue to exercise federal question jurisdiction to hear the matter. *See* FED. R. CIV. P. 12(b)(6). Substantive due process analysis is appropriate only in cases in which the government arbitrarily abuses its power to deprive individuals of constitutionally protected rights. Even if there is a deprivation, the Court must also ask whether the governmental action was rationally related to a legitimate governmental interest. *See Simi Inv. Co.*, 236 F.3d at 249. Therefore, reliance on substantive due process must be taken with the utmost

care. *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992).

Due process challenges to executive acts are analyzed under a two-part inquiry. *See Hawkins v. Freeman*, 195 F.3d 732, 738 (4th Cir. 1999) (en banc). The first part of the inquiry requires a court to determine whether the executive's conduct was so "outrageous" and "egregious" that it shocks the contemporary conscience. *Id.* (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8 (1998)). Unless the executive's conduct reaches this threshold, the analysis ends and the court need not reach the second part of the inquiry. *Id.* Should it reach the second part, the court must examine the nature of the plaintiff's asserted liberty interest and determine "the level of protection to which it is entitled." *Id.* Deprivations of fundamental liberty interests are subject to heightened protection. *See Chavez v. Martinez*, 538 U.S. 760, 775 (2003) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997)). Challenges to non-fundamental liberty interests, however, such as challenges to economic policies, are subject to a "highly deferential rational basis review." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009).

A review of Fifth Circuit authority in this area reveals that any deprivation of due process almost always flows from a City's action rather than inaction. *See, e.g.*, *Simi Inv. Co. v. Harris County, Tex.*, 236 F.3d 240, 245 (5th Cir. 2000); *John Corp. v. City of Houston*, 214 F.3d 573, 574 (5th Cir. 2000); *Mikeska v. City of Galveston*, 451 F.3d 376, 379 (5th Cir. 2006). For example, in *Simi Inv. Co.*, the court found that a city's interference with a property owner's rights of access was so arbitrary as to amount to a denial of substantive due process. 236 F.3d at 254. Similarly, in *John Corp.*, the plaintiff alleged that its property was destroyed as a result of an unconstitutional ordinance. 214 F.3d at 574. Moreover, in *Mikeska,* the court recognized that a city's denial of utility

4

permits to beach property owners raised a fact issue as to whether owners' substantive due process rights had been violated. 451 F.3d at 379.

Here, the Amended Complaint alleges both procedural due process and substantive due process violations without explanation as to what the substantive due process violations are. *See Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 90 (5th Cir. 2011) ("the mere recitation of the vague words "substantive due process" in one's complaint—without a word more of elaboration by either the parties or the court over the course of an entire trial—is insufficient to preserve such a claim on appeal."). As noted above, all concede that the procedural due process claim is not ripe, leaving the substantive due process allegation. If the substantive due process claim stands on the proposition that the City has steadfastly refused to enforce its own ordinance governing slope requirements, then Plaintiffs' argument fails to constitute any form of a substantive due process violation. *See Jaramillo v. City of McAllen, Tex.*, 306 Fed. Appx. 140, 143 (5th Cir. 2009) (finding that the plaintiff's allegations that a city's failure to adequately enforce its own animal control ordinance resulted in the plaintiff sustaining injuries from dog bite did not constitute any sort of substantive due process violation).

The Supreme Court has long recognized that the Due Process Clause is more than a guarantee of procedural fairness and "cover[s] a substantive sphere as well, 'barring certain government actions regardless of the fairness of the procedures used to implement them.'" *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). However, the reach of substantive due process is limited and it only protects against the most serious of governmental wrongs. *Breen v. Texas A & M University*, 485 F.3d 325, 332 (5th Cir. 2007). The

Supreme Court has repeatedly emphasized that courts should be reluctant to expand the concept of substantive due process because "[b]y extending constitutional protection to an asserted right or liberty interest, [the courts], to a great extent, place the matter outside the arena of public debate and legislative action." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)); *see also Breen*, 485 F.3d at 332, 333. Thus, "substantive due process is 'not a blanket protection against unjustifiable interferences with property.'" *Lee v. City of Chicago*, 330 F.3d 456, 467 (7th Cir. 2003) (quoting *Schroeder v. City of Chicago*, 927 F.2d 957, 961 (7th Cir. 1991)). The Due Process Clause does not require a city to implement its own law correctly, nor does the Constitution insist that a local government be right. *See FM Properties Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996); *see also Horton v. City of Smithville*, 117 Fed. Appx. 345, 348 (5th Cir. 2004 ) ("[Plaintiffs] have directed us to no Smithville law, and we have found none on our own, requiring the City to enforce its land-use regulations."). Indeed, "[c]onverting alleged violations of state law into federal ... due process claims improperly bootstraps state law into the Constitution." *Stern v. Tarrant County Hosp. Dist.*, 778 F.2d 1052, 1056 (5th Cir.1985) (en banc), *cert. denied*, 476 U.S. 1108 (1986).

In the end analysis, to state a viable substantive due process claim, a plaintiff must demonstrate that the government acted with culpability beyond mere negligence. *See McClendon v. City of Columbia*, 305 F.3d 314, 325 (5th Cir. 2002). Any abuse of power must be such as to shock the conscience. *Id.* at 326. If Plaintiffs' main complaint here is that the City did not enforce its own ordinances, then such is not a federal right that can be remedied in the substantive due process analysis. *See Snowden v. Hughes*, 321 U.S. 1, 7 -8, 64. S. Ct. 397, 400 -401 (1944) (not

every denial of a right conferred by state law involves a a denial of a right of property or of liberty secured by the due process clause).

Plaintiffs have failed to state a substantive due process claim under 42 U.S.C. § 1983. *See* FED. R. CIV. P. 12(b)(6). The Court has reviewed the pleadings filed herein and can find no allegations that touch on a substantive due process claim. The fact that the City may be narrow minded, obstinate, indifferent, or simply a poor steward of its own resources is insufficient to state a substantive due process claim. That claim is dismissed for failure to state a claim.

The Court finds that the proper redress for any claims rests with the state court. When a governmental entity knows that a specific act is causing identifiable harm, that entity may be liable for an unconstitutional taking. *Karnes City v. Kendall*, 172 S.W.3d 624, 627 (Tex. App.–San Antonio 2005, pet. denied). But this is a procedural due process matter and not one of substantive due process. As noted above, and based on the agreement of the parties that it is not ripe, the procedural due process claim is dismissed without prejudice as unripe. *Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 91 (5th Cir. 2011) ("We must therefore allow state takings procedures to run their course before we can adjudicate the procedural due process claim.").

The Court further declines to exercise supplemental jurisdiction over the state claims. Fifth Circuit precedent prevents courts from hearing inverse condemnation and federal taking claims simultaneously in order to create ripeness. *VRC, L.L.C. v. City of Dallas*, 391 F. Supp. 2d 437, 440 (N.D. Tex. 2005) (citing *Samaad v. City of Dallas*, 940 F.2d 925, 933 (5th Cir. 1991)). This case has not proceeded far in this Court and exercising supplemental jurisdiction would not serve the values of judicial economy, convenience, fairness, and comity. *See Carnegie–Mellon University v.*

*Cohill*, 484 U.S. 343, 350 n. 7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point toward declining to exercise jurisdiction over the remaining state-law claims."). *See also Enochs v. Lampasas County*, 641 F.3d 155 (5th Cir. 2011) (district court abused its discretion by not remanding case after voluntary dismissal of federal claims when case became purely Texas state law dispute, was still in its infancy, and no discovery had occurred or trial set). Therefore, the Court declines to exercise supplemental jurisdiction over the Plaintiffs' state law claims.

The substantive due process claims are dismissed with prejudice, the procedural due process claims are dismissed without prejudice, and the state law claims are remanded to the 431st Judicial District Court of Denton County, Texas.

**SO ORDERED.**

**SIGNED this 25th day of October, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE